**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERIBERTO RAYMUNDO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.  11-73062 19-70680 Agency No. A095-001-318 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020**

Before:  HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Heriberto Raymundo, a native and citizen of El Salvador, seeks review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") denial of his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"), as well as

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the BIA's order denying his motion to reopen.  Raymundo claims that gang members have threatened and harmed his relatives and that he will face similar persecution if removed.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

Substantial evidence supports the agency's determination[1] that Raymundo failed to file his asylum application "within a reasonable period" of either his "extraordinary circumstance" of losing Temporary Protected Status ("TPS") or his "changed circumstance" of learning that gangs in El Salvador had threatened and harmed some of his relatives.  *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)–(5); *Al Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013) (reviewing "reasonable period" determination for substantial evidence).[2]  Notwithstanding any limitation that the Notice to Appear ("NTA") might have placed on his ability to apply for asylum, he has not accounted for the approximately

---

[1] The BIA expressly incorporated the IJ's opinion as to this issue.  Our review accordingly includes the IJ's corresponding findings.  *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002).

[2] Although 8 U.S.C. § 1158(a)(3) limits our review of decisions involving those exceptions, the law of our circuit permits us to review the application of those exceptions here because the underlying facts are undisputed.  *See Al Ramahi*, 725 F.3d at 1137–38 ("[W]e may review the BIA's application of the changed or extraordinary circumstances exception when the historical facts are undisputed." (citation and footnote omitted)).

eight months between his TPS's expiration and the NTA's issuance.[3] *See Al Ramahi*, 725 F.3d at 1135, 1138–40 (crediting delays exceeding six months as evidence of untimeliness). Similarly, the more recent 2008 incident does not explain Raymundo's eight-month delay in applying for asylum because the incidents alleged by Petitioner began as early as 2003. *See id.*

Substantial evidence also supports the agency's finding that Raymundo failed to demonstrate probable persecution attributable to a protected ground.[4] *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b); *Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019) (reviewing denial of withholding for substantial evidence). Raymundo claims no past persecution. The record does show that gangs targeted certain members of Raymundo's family to extort money or expand influence. Yet it also suggests that other family members, including his brother Francisco, have not been targeted.[5] *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743–44 (9th Cir. 2008) (crediting family member's continued safety as substantial evidence against fear of

---

[3] Raymundo argues that the BIA erred in saying his TPS lapsed "sometime in 2007" instead of specifying a date. But the IJ had already found that Raymundo's TPS expired "on or about July 25, 2007," which he does not attempt to dispute.

[4] We assume but express no opinion as to Raymundo's argument that family membership places him in a cognizable social group.

[5] Raymundo additionally testified that his brother, who had experienced threats as a school principal in rural El Salvador, has not experienced any further problems after relocating himself and his family to San Salvador.

persecution), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). And he gives us no reason to question the agency's finding that his opposition to gangs is not a protectable political opinion. *See id.* at 744–46 (rejecting "young men in El Salvador resisting gang violence" as cognizable group).

Similar considerations support the agency's denial of CAT relief. While the evidence of deficient judicial protections and rampant police corruption in El Salvador is undeniable, we cannot disregard the lack of prior torture, the absence of threats of future torture, the successful evasion of gang violence by some of Raymundo's family members, or efforts by the Salvadoran government to address, however imperfectly, the gang violence he ultimately fears. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (requiring government awareness of torture, plus either willful blindness or idleness attributable to inability or unwillingness, to support "acquiescence").

Finally, the BIA did not abuse its discretion in denying Raymundo's motion to reopen, filed nearly six years after the final order of removal, as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(a), (c); *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (reviewing denial of motion to reopen for "abuse of discretion"). The record does not suggest a material change in country conditions in El Salvador particular to Raymundo or his family, but rather a continuation of

longstanding gang violence afflicting much of Salvadoran society. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 988–90 (9th Cir. 2010) (finding new country condition evidence too indistinct and unparticular to be material). And we see scant support for Raymundo's contention that the BIA failed to consider the evidence he submitted. *See Najmabadi*, 597 F.3d at 991 (stating that the BIA need not "directly reference" all evidence presented).

**PETITIONS DENIED.**